# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>**JJB D.C., Inc.,**<br><br>           **Debtor.** | Case No. 23-00214-ELG<br><br>Chapter 11 |

### THE ACTING UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE OR, IN THE ALTERNATIVE, TO DIRECT THE APPOINTMENT OF A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104(a)

Gerard R. Vetter, Acting United States Trustee for Region 4 (the "U.S. Trustee"), by counsel, moves this Court to convert this chapter 11 case to chapter 7 or to dismiss this case, or in the alternative, directing the appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a), whichever is in the best interests of the creditors and the estate. In support of this motion the U.S. Trustee states as follows:

### JURISDICTION AND VENUE

1.    The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2.    This is a core matter. 28 U.S.C. § 157(b)(2)(A).

3.    Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295–96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. §

Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov

307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

4. The U.S. Trustee is also a recognized party-in-interest with standing to request dismissal or conversion of a chapter 11 case, or to request the appointment of a chapter 11 trustee. *See* 28 U.S.C. § 586(a)(8) ("in any case in which the United States trustee finds material grounds for relief under Section 1112 of title 11, the United States trustee shall apply promptly after making that finding to the court for relief"); see also 11 U.S.C. § 1104(a).

5. The U.S. Trustee has standing to be heard on the issues raised by this Motion pursuant to 11 U.S.C. § 307.

6. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

7. On August 2, 2023, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. Doc. No. 1.

8. On August 30, 2023, the Debtor filed its Schedules and Statement of Financial Affairs. Doc. No. 75.

9. The Schedules indicate that the Debtor has outstanding accounts receivable in the face amount of $11,464,856.08, with $0.00 of that amount being uncollectible. The schedules were signed by Bruce Boone under penalty of perjury. The Debtor's representatives who testified at the 341 meeting of creditors on September 7, 2023 stated that they all had reviewed the Schedules before they were filed and that the information contained therein was true and correct.

10. Since that time, it has been represented to the Court at various hearings held in this case that the outstanding receivables have been "overstated".

11. As set forth in the Limited Objection filed by Verizon Sourcing LLC ("Verizon") to White Oak Commercial Finance's Motion for a Rule 2004 Examination of Verizon filed on November 28, 2023, Verizon recently reported to White Oak and the Debtor that approximately $100,000 remains to be paid to the Debtor with an additional approximately $10,000 in invoices remaining to be reviewed. Doc. No. 198 at ¶ 4.

12. It appears that the over $11 million in scheduled outstanding receivables, which have been said to be the lynchpin of the chapter 11 reorganization, have been "overstated" by over $11 million. It is not entirely clear as to how or why the Debtor's outstanding accounts receivables were so grossly overstated.

13. It has recently been represented to the Court that the Debtor has no employees to continue its operations.

14. The Debtor is in the process of returning the vehicles and machinery it uses in the operation of its business to Herc Rentals, Inc. and John Deere Financial and/or James River Equipment.

15. The Debtor is in the process of surrendering its leased premises where it previously operated.

16. The Debtor has failed to file its October 2023 monthly operating report which was due on or before November 21, 2023.

17. Moreover, the Debtor is delinquent in payment of quarterly fees to the Office of the United States Trustee. As of the date of this Motion, the Debtor owes approximately $25,510.00 in quarterly fees for the third quarter of 2023.

## **Argument**

Pursuant to section 1112(b)(1), the Court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). Section 1104 provides that the court "shall order the appointment of a trustee—for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case…" 11 U.S.C. § 1104(a)(1).

Section 1112(b)(4) contains a non-exhaustive list of circumstances which constitute "cause" for dismissal or conversion. *See* 11 U.S.C. § 1112(b)(4). As specifically enumerated in section 1112(b)(4) and present in this case, "cause" includes (i) a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (ii) gross mismanagement of the estate; (iii) the unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; and (iv) the failure to pay and fees or charges required under chapter 123 of title 28. *See* 11 U.S.C. § 1112(b)(4)(A), (B), (F) and (K).

Clearly there has been a substantial or continuing loss to or diminution of the estate and an absence of a reasonable likelihood of rehabilitation in this matter. The Debtor has continued to scale back on its work force during the pendency of this case and currently has no employees to maintain its operations. Moreover, it has now come to light that the Debtor's post-petition lender has financed the Debtor's post-petition operations to the tune of approximately $9 million based on receivables that do not appear to be due and owing the Debtor. Additionally, administrative expenses are continuing to accrue without any corresponding income to pay them. That constitutes

substantial or continuing loss as contemplated by section 1112(b)(4)(A). It does not appear that the Debtor has any reasonable likelihood of rehabilitation.

Additionally, there has been gross mismanagement of the estate sufficient to constitute cause to dismiss, convert or appoint a chapter 11 trustee. Here, the Debtor has obtained post-petition financing from White Oak based on invoices that were allegedly billed by the Debtor to Verizon. Verizon has represented that approximately $100,000 remains to be paid to the Debtor and an additional approximately $10,000 in invoices remain to be reviewed. That is nowhere near the over $11 million in outstanding receivables listed in the Debtor's schedules and over $9 million owed to White Oak based on those alleged invoices. An overstatement of this magnitude clearly rises to the level of gross mismanagement or at the very least incompetence warranting the appointment of a chapter 11 trustee.

Additionally, under 11 U.S.C. § 1112(b)(4)(F) cause exists where "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter".  The Debtor has failed to file its monthly operating report for October 2023.  Failure to file these reports is grounds for conversion or dismissal of the case.

Finally, under 11 U.S.C. § 1112(b)(4)(K) cause exists where "failure to pay any fees or charges required under chapter 123 of title 28".  The Debtor currently is past due paying its chapter 11 quarterly fees of $25,510.00 for the 3rd quarter of 2023. Failure to pay these fees in a timely manner constitutes cause for conversion or dismissal of the case.

As the U.S. Trustee has established a *prima facie* case that "cause" exists to convert or dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist that establish that converting or dismissing the case is not in the best interests of creditors and the estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2).

5

For the exception to apply, the court must find and specifically identify unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate. *Id.* The debtor or another party in interest must then: (1) establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time; and (2) that the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that it will be cured within a reasonable period of time fixed by the court. *Id.*; *See In re Landmark Atl. Hess Farm, LLC,* 448 B.R. 707 (Bankr. D. Md. 2011). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not in the best interest of creditors and the estate.

The U.S. Trustee does not believe that current management should stay in control of the Debtor—thus he believes that either conversion of the case to chapter 7 or appointment of a chapter 11 trustee is in the best interest of creditors and the estate. The U.S. Trustee recognizes, however, the increasing administrative expense claims in the case and reserves any and all rights to raise any additional arguments at any hearing held on this motion.

WHEREFORE, in consideration of the foregoing, the Acting United States Trustee respectfully requests that the Court enter an Order converting this case to chapter 7, dismissing this case; or, directing the appointment of a Chapter 11 Trustee, whichever the Court finds to be in the best interest of creditors and parties in interest; and for such other and further relief as the Court deems just and proper.

November 30, 2023					GERARD R. VETTER
						ACTING U.S. TRUSTEE, REGION 4

						By:  /s/ Kristen S. Eustis
						Kristen S. Eustis, Trial Attorney
						Federal Bar No. MD28984
						Office of the United States Trustee
						1725 Duke St., Suite 650
						Alexandria, VA 22314
						(703) 557-7227- Direct Dial
						Kristen.S.Eustis@usdoj.gov

**Certificate of Service**

I hereby certify that on November 30, 2023, I electronically filed the foregoing Motion with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case:

Jodie E. Buchman jbuchman@silvermanthompson.com

Darrell W. Clark darrell.clark@stinson.com, Siobhan.rudolph@stinson.com

Kristen S. Eustis Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

Justin Philip Fasano jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com; hleaphart@mhlawyers.com;fasano.justinr92003@notify.bestcase.com

J. David Folds dfolds@bakerdonelson.com, lcarpenter@bakerdonelson.com

Martin H. Freeman martin@freeman-uslaw.com

Jeremy S Friedberg jeremy@friedberg.legal, ecf@friedberg.legal

Stephen K. Gallagher skgallagher@venable.com, lbwilson@venable.com; lsbouyea@venable.com; nnkresh@venable.com

Christopher A. Jones cajones@whitefordlaw.com, clano@wtplaw.com, kmccruden@whitefordlaw.com,dchaney@whitefordlaw.com,adesimone@whitefordlaw.com

C. Kevin Kobbe kevin.kobbe@us.dlapiper.com, c-kevin-kobbe-7592@ecf.pacerpro.com

Jeffery T. Martin jeff@martinlawgroupva.com, Martin.JefferyT.B119228@notify.bestcase.com

Tracey Michelle Ohm tracey.ohm@stinson.com, porsche.barnes@stinson.com

George R. Pitts gpitts@bhb.com, gpitts@rubinrudman.com

Fredric A. Press fpress@presspotterlaw.com, agleysteen@pressdozierlaw.com; nkertiss@pressdozierlaw.com; jhamelburg@pressdozierlaw.com; jhamelburg@presspotterlaw.com

Fredric A. Press fpress@presspotterlaw.com, agleysteen@pressdozierlaw.com; nkertiss@pressdozierlaw.com; jhamelburg@pressdozierlaw.com; jhamelburg@presspotterlaw.com

Craig B. Rule crule@zwickerpc.com, bknotices@zwickerpc.com

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

Ruiqiao Wen ruiqiao.wen@stinson.com

      I further certify that on November 30, 2023, a copy of the foregoing Motion was served by first class United States mail, postage prepaid to the following:

Laura S. Bouyea
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202

Alexandra G. DeSimone
WHITEFORD, TAYLOR & PRESTON L.L.P
Two James Center
1021 E. Cary Street, Suite 1700
Richmond, VA 23219

Anthony Giuliano
GIULIANO LAW, P.C.
445 Broadhollow Road, Suite 25
Melville, NY 11747

David A. Hill
DHill Professional Services LLC
14605 Silverstone Drive
Silver Spring, MD 20905-7418

Kenneth M. Lewis
WHITEFORD, TAYLOR & PRESTON L.L.P.
444 Madison Avenue, 4th Floor
New York, NY 10022

Vincent J. Roldan
Jeffrey M. Rosenthal
Ann S. Lee
Mandelbaum Barrett PC
3 Becker Farm Road, Suite 105
Roseland, NJ 07068

Samson Funding LLC
Anthony Giuliano, Esq.
445 Broadhollow Rd., Suite 25
Melville, NY 11747

Irving E. Walker
Cole Schotz P.C.
1201 Wills Street, Suite 320
Baltimore, MD 21231

                                                   */s/ Robert W. Ours*
                                                   Robert W. Ours
                                                   Paralegal Specialist